## CIRCUIT COURT OF BALTIMORE CITY.

Filed June 19, 1907.

WILLIAM H. WINKELMANN
VS.
THE VIADUCT MANUFACTURING COMPANY.

*George M. Upshur* for petitioner.

*Charles W. Field* and *John C. Tolson* for receivers.

ELLIOTT, J.—

The Electric Supply Company of Maryland, a body corporate, has filed in these proceedings its petition praying this court to pass an order declaring certain contracts of purchase entered into by the Viaduct Manufacturing Company with it, rescinded upon the ground that at the time said contracts were entered into the defendant company was hopelessly insolvent, and had no reasonable expectation of ability to pay for same.

To this petition the receivers of the Viaduct Manufacturing Company have filed a demurrer, which of course, admits the substantial allegations of the petition, especially the fact of its insolvency at the time of said purchases, and the absence of any reasonable expectation of ability to pay.

The second ground of demurrer does not go to the merits of the case, but sets up the suggested inability of this court to grant relief in this case, with-

out the joinder of the firm of Levenson & Zenitz as co-defendants with the receivers.

It is only necessary to say, in answer to this ground, that if the sale is to be rescinded, so far as the Electric Supply Company is concerned, the only effect will be to require the receivers to pay to the Electric Supply Company the amount of the contract price for the goods delivered it to Levenson & Zenitz, leaving them free to collect from Levenson & Zenitz the amount owing by them to the Viaduct Manufacturing Company, and therefore Levenson & Zenitz are not really necessary parties, either to the petition, or in any order which may be passed thereon.

The only substantial question therefore raised by the petition, is as to whether or not by virtue of the insolvent condition of the Viaduct Manufacturing Company at the time it made its purchases from the Electric Supply Company, the latter had a right to rescind the sale and take back the goods sold. The mere fact that the Viaduct Manufacturing Company directed delivery to Levenson & Zenitz, and that the goods, having been so delivered, have been used by the latter firm, should not and does not deprive the Electric Supply Company of any relief to which it would be entitled were the goods still intact and in the possession of the Viaduct Manufacturing Company or its receivers.

Addressing ourselves, therefore, to the question suggested, the court is clearly of the opinion that a legal fraud was practiced upon the Electric Supply Company, when the purchases beginning on March 19th, 1907, were made by the Viaduct Manufacturing Company.

This date was but fifteen days before the meeting of the board of directors of the Viaduct Manufacturing Company, at which the insolvency of the company was admitted, which insolvency had, doubtless, existed and been well known to the company itself, since the 2nd day of March, 1907, on which date there had fallen due a note of $1,000, which it was unable to meet, and which was subsequently made a basis of application for the appointment of receivers by this court.

It is, therefore, impossible to believe that at the time when the purchases were made from the Electric Supply Company by the Viaduct Manufacturing Company, the latter had any reasonable expectation of being able to pay for them, and when, as it afterwards developed, the inability to pay was the direct result of its condition existing at the time of the purchase, there would seem to be no ground whatever for holding the vendor responsible to perform its contract, except upon the condition that it should either be paid in full or be permitted to rescind the contract and take back its goods. This view we take to be abundantly justified by the following cases: Edelhoff vs. Horner Miller Mfg. Co., 86 Md., pages 613 and 614; Standard Co. vs. O'Brien, 88 Md., pages 339 and 340.

It is, therefore, the opinion of this court, that the petitioner is entitled to the relief prayed for by it, and an order will be signed directing and requiring the receivers to pay unto the Electric Supply Company, the sum of ninety-eight dollars and twenty-four cents in full settlement of the goods delivered by it to the firm of Levenson & Zenitz, upon the order of the Viaduct Manufacturing Company, said purchases beginning on the 19th day of March, 1907, and ending on the 30th day of said month.